IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| VIESTI ASSOCIATES, INC., <br> TED SACHER <br> JULIA LUCICH, and <br> JAMES PRIGOFF <br><br> Plaintiffs, <br><br> v. <br><br> HOUGHTON MIFFLIN HARCOURT <br> PUBLISHING COMPANY and <br> R.R. DONNELLEY & SONS COMPANY, <br><br> Defendants. | Civil Action No. 09-cv-00743-JLK-LTM (consolidated with No. 09-cv-01093-JLK-LTM) |

## AMENDED STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and

request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

>(a) "Trade Secrets" which means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, or

>(b) "Research" and "Development" which means non-public documents containing information, including scientifically accumulated data, regarding Defendants' strategy to improve or increase market share or that disclose a Defendant's strategies and methods of selling or marketing its products or services, or

>(c) "Commercial Information" which means non-public information Defendants have taken reasonable steps to keep secret that would create an unfair advantage to competitors by providing them with previously unknown information as to the Defendants' business operations, or whose disclosure the

designating party reasonably believes would lead to competitive, commercial, or economic harm.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

(a) By imprinting the word "Confidential" on the first page or cover of any document produced;

(b) By imprinting the word "Confidential" next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

(a) It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

(b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.  The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.  During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.  During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of

notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. To the extent the parties agree to the use in this case of confidential materials or information produced in another case in accordance with a protective order, confidentiality order, or confidentiality agreement, those materials will retain their protected status and will be governed by the terms of this Protective Order in connection with their use in this case. Nothing in this case will affect the continued operation of a protective order in force in another case.

13. Any confidential information that is inadvertently produced in pretrial discovery without written notice or identification as to its confidential nature, as provided above, may be so designated in writing by the producing party (or producing third party) not later than 30 business days after the purportedly confidential material has been produced without such designation. An inadvertent failure to designate qualified information or items as "Confidential" does not,

standing alone, waive the producing party's right to secure timely protection under this Order for such material. However, until such confidential information is designated as "Confidential" as set forth above, the parties shall be entitled to treat the material as non-confidential. As soon as the producing party timely provides notice of the inadvertent production, the information must be treated as if it had been timely designated as "Confidential" under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document(s) which it distributed or disclosed to persons not authorized to access such information under the terms of this Order, as well as any copies made by such persons, and (i) mark all such documents, things or information, with the appropriate "Confidential" designation, or (ii) return such undesignated originals and copies to the producing party to so mark said material.

14.    If a producing party inadvertently produces documents that it believes in good faith to be protected from disclosure by the attorney-client privilege or work product doctrine, the producing party shall, not later than 30 business days following the date of production of such documents, notify the receiving party in writing that such documents should have been withheld as privileged (indicated by bates number of the documents in question). If the producing party makes such timely notification within 30 business days of production, then within 10 days of receiving such notice, the receiving party shall return or certify the destruction of all copies (including summaries) of such documents or materials, and the receiving party shall not disclose or use in any manner the information claimed to be privileged. Within 10 days of the return or destruction of the documents, the producing party will provide a log setting forth the documents that are being withheld, the claimed privilege, and the basis for that claimed privilege.

15. Similarly, should the receiving party have reasonable grounds to believe, at any time, that any documents produced in discovery are protected from disclosure by the attorney-client privilege or work product doctrine, and have reasonable grounds to believe that such documents were inadvertently produced, the receiving party shall notify the producing party within five business days of forming such belief that documents may have been inadvertently produced. If, as of the date of the receiving party's formulation of the belief, 30 business days have not yet passed since the date of the production, then the producing party may request the return of these materials pursuant to paragraph 14 of this Order. If more than 30 business days have passed since the date of production, then the producing party shall have five business days to request (in writing) a meet and confer, which meet and confer shall be held within the following five business days. If the meet and confer does not resolve the issue to the satisfaction of the receiving party, the producing party shall have 10 business days following written notice of the conclusion of the meet and confer by the receiving party, within which to apply to the Court for a determination as to whether the documents qualify for protection under the asserted privilege and whether production was inadvertent. Until such time as the Court issues a ruling on such motion, the receiving party may maintain a copy of the documents, but may not disseminate the documents to anyone other than producing party. The producing party must also preserve the original copy of the subject documents until the claim is resolved either between the parties or by the Court.

16. To facilitate a more efficient discovery process, the parties may also agree to treat produced documents as Confidential and any production of privileged materials as inadvertent for 30 business days after production. If the parties so agree, then the producing party shall designate confidential information and/or notify the receiving party of inadvertently produced

privileged materials within that 30 business day period and in accordance with the terms of this Order. Any such agreement will not effect the provisions of paragraph 15 above

17.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

20.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at ~~Denver~~, Colorado, this 21st day of October 2009

BY THE COURT:

JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

LAIRD T. MILBURN, U.S.
District Court Magistrate Judge

**STIPULATED AND AGREED BY:**

| Plaintiff Viesti Associates, Inc. | s/Christopher Seidman | Counsel |
| Party | s/Craig F. Wallace | Counsel |

| Plaintiff Ted Sacher | s/Christopher Seidman | Counsel |
| Party | s/Craig F. Wallace | Counsel |

| Plaintiff Julia Lucich | s/Christopher Seidman | Counsel |
| Party | s/Craig F. Wallace | Counsel |

| Plaintiff James Prigoff | s/Christopher Seidman | Counsel |
| Party | s/Craig F. Wallace | Counsel |

| R.R. Donnelley & Sons Company | s/ David R. Pehlke |
| Party | Counsel |

| Houghton Mifflin Harcourt Pub. Co. | s/ David R. Pehlke |
| Party | Counsel |

## EXHIBIT A

## AFFIDAVIT

| | |
|---|---|
| VIESTI ASSOCIATES, INC., ) | Civil Action No. 09-cv-00743-JLK- |
| TED SACHER ) | LTM (consolidated with No. 09-cv- |
| JULIA LUCICH, and ) | 01093-JLK-LTM) |
| JAMES PRIGOFF ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| HOUGHTON MIFFLIN HARCOURT ) | |
| PUBLISHING COMPANY and ) | |
| R.R. DONNELLEY & SONS COMPANY, ) | |
| ) | |
| Defendants. ) | |

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in the above-captioned case, a copy of which is attached to this Affidavit.

2. I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

Telephone No.: (___) _____

SUBSCRIBED AND SWORN to before me this * day of *, 20__, by

_____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires:_____

2